Bruce P. Keller (bpkeller@debevoise.com)
David H. Bernstein (dhbernstein@debevoise.com)*
Michael Potenza (mpotenza@debevoise.com)
Jared I. Kagan (jikagan@debevoise.com)*
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, New York 10022
(212) 909-6000

Attorneys for Conopco, Inc.
*pro hac vice motion to be filed

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---------------------------------------------------------------------- x

| | | |
|---|---|---|
| CONOPCO, INC., doing business as UNILEVER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| -against- | : | 14 Civ. ___ ( ) |
| | : | |
| HAMPTON CREEK, INC., | : | **COMPLAINT** |
| | : | |
| Defendant. | : | ECF CASE |

---------------------------------------------------------------------- x

Plaintiff Conopco, Inc., doing business as Unilever ("Unilever"), for its

Complaint against defendant Hampton Creek, Inc. ("Hampton Creek"), alleges as

follows:

## PRELIMINARY STATEMENT

1.   This is a civil action for false advertising and unfair competition under federal

and state law.  Hampton Creek sells a sandwich spread named *Just Mayo* in direct

competition with Unilever's Best Foods® and Hellmann's® brands of mayonnaise.

Despite its name, *Just Mayo* does not contain just mayonnaise.  In fact, it is not

mayonnaise at all.  Rather, it is a plant-based vegan alternative to real mayonnaise.

2.   "Mayo" is defined in the dictionary and in common usage as "mayonnaise." Under federal regulations, common dictionary definitions and as consumers understand it, "mayonnaise" or "mayo" is a product that contains eggs.  That ingredient does not exist in *Just Mayo*.  By calling its vegan sandwich spread *Just Mayo*, Hampton Creek falsely communicates to consumers that *Just Mayo* is mayonnaise, when it in fact, it is not.  The literally false product name is highlighted on the label, which also features a giant image of an egg (see below) and in advertising for *Just Mayo*.  Hampton Creek has also explicitly referred to *Just Mayo* as "mayo" and "mayonnaise" in its advertising.  Its website, for example, touted that "Just Mayo is an outrageously delicious mayonnaise."



3.     The *Just Mayo* false name is part of a larger campaign and pattern of unfair competition by Hampton Creek to falsely promote *Just Mayo* spread as tasting better than, and being superior to, Best Foods and Hellman's mayonnaise.  The opposite is true. In addition to lacking the taste of real mayonnaise, *Just Mayo* does not perform like real mayonnaise when it is heated, as mayonnaise often must be in common consumer uses. Real mayonnaise is commonly used because its blend of ingredients effectively binds together the elements of the sauce and adds flavor and texture in the process.  Because *Just Mayo* is a vegan product lacking the same emulsifying ingredients as real mayonnaise, when it is heated, its oils separate and do not bind the ingredients together. Consumers and cooks have an expectation that mayonnaise should both taste and perform like mayonnaise.  *Just Mayo* does neither.

4.     Hampton Creek's literally-false name and its unsubstantiated superiority claims have already caused consumer deception and serious, irreparable harm to Unilever and to the product category the industry has taken great care to define in a way consistent with consumer expectations.  On information and belief, *Just Mayo* already is stealing market share from Hellmann's.

5.     Hampton Creek's conduct constitutes false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 *et seq.*, and violation of the comparable unfair competition and deceptive acts and practices laws of the other states in which *Just Mayo* is sold.  If

3

Hampton Creek is not immediately enjoined, Unilever will continue to suffer irreparable harm in the marketplace.

## PARTIES

6.   Plaintiff Conopco Inc., which is doing business as Unilever, is a corporation organized and existing under the laws of New York with its principal place of business at 700 Sylvan Avenue, Englewood Cliffs, New Jersey 07632.  Among other well-known products, Unilever makes and sells Best Foods brand and Hellmann's brand mayonnaise.

7.   On information and belief, defendant Hampton Creek, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 371 10th Street, San Francisco, California 94103.  Hampton Creek makes and sells *Just Mayo* sandwich spread.

## JURISDICTION AND VENUE

8.   This Court has original jurisdiction over the subject matter of this action pursuant to § 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332, and 1338 and has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).  The amount in controversy is in excess of $75,000 exclusive of interest and costs.

9.   This Court has personal jurisdiction over Hampton Creek by virtue of its transacting and doing business in this District.  Hampton Creek has disseminated *Just Mayo* in the State of New Jersey.

1000401873v1

10. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this action occurred in this District, including the distribution of Hampton Creek's false advertising in this District, and the harm to Unilever at its principal place of business in this District.

## BACKGROUND FACTS

11. Under both federal regulations and common dictionary definitions, "mayo" is "mayonnaise," and "mayonnaise" is a product that must contain eggs.  The Food and Drug Administration's standard of identity defines mayonnaise as "the emulsified semi-solid food prepared from vegetable oil(s)," an "acidifying" ingredient of either (1) vinegar or (2) lemon juice or lime juice, or both, and an "egg yolk-containing" ingredient.  21 C.F.R. § 169.140.  This standard exists, as the Congressional Research Service branch of the Library of Congress explains, to "protect the consumer by ensuring that a label accurately reflects what's inside (for example, that mayonnaise is not an imitation spread.)"

12. Common dictionary definitions of mayonnaise similarly define mayonnaise as "a dressing *made chiefly of egg yolks*, vegetable oils, and vinegar or lemon juice." Merriam Webster Online Dictionary, *available at* http://www.merriam-webster.com/ (emphasis added).  "Mayo" is defined as shorthand for mayonnaise, and is certainly understood that way by consumers.  The Merriam Webster Online dictionary defines "mayo" simply as "mayonnaise."  In common usage, "mayo" often is used as a synonym for mayonnaise.  *See*, *e.g.*, Melissa Clark, "Mayonnaise:  Oil, Egg and a Drop of Magic,"

5

New York Times (May 22, 2012) (repeatedly referring to "mayonnaise" and "mayo" interchangeably).

13. The word "just" is also a common dictionary term.  When used as a modifier of "mayonnaise," the word "just" means "exactly," "precisely," "only," or "simply." http://www.merriam-webster.com/.

14. In light of these dictionary definitions, a product called "Just Mayo" should be exactly, precisely, only and simply mayonnaise.  Defendant's *Just Mayo* is none of those things.

## **FALSE LABELING AND ADVERTISING OF *JUST MAYO***

15. Hampton Creek produces a variety of sandwich spreads that it packages and sells under the name *Just Mayo*.  As shown on page 2, above, the *Just Mayo* packaging prominently features the name *Just Mayo* with the word "Just" appearing in small cursive writing above the significantly larger word "Mayo" in block letters.  The name appears below an image of a large egg on a brown label that is wrapped around a transparent container such that the sandwich spread inside – which is off-white in color, just like real mayonnaise – is visible.

6

16. *Just Mayo*, however, is not mayonnaise.  It does not contain any egg

ingredients.  As shown at right, the *Just Mayo* packaging lists the ingredients as: "Non-

GMO Expeller Pressed Canola Oil, Filtered Water,

Lemon Juice, White Vinegar, 2% or less of the

following: Organic Sugar, Salt, Pea Protein, Spices,

Modified Food Starch, Beta-Carotene."  On



information and belief, in some versions of the product, a preservative is added to render

the product shelf-stable.

17. Hampton Creek also sells flavored sandwich spreads that include the name

*Just Mayo* with a term describing added flavors, including *Just Mayo Chipotle*, *Just

Mayo Garlic*, and *Just Mayo Sriracha*.  The labeling for these flavored *Just Mayo*

sandwich spreads is nearly identical to the labeling for the unflavored *Just Mayo* spread,

except the name of the flavor appears below the words "*Just Mayo*."  As with unflavored

*Just Mayo*, none of the flavored *Just Mayo* spreads contain any egg ingredients, despite

the prominent image of the egg on the label.





18. The name *Just Mayo* is literally false because it expressly communicates that *Just Mayo* is mayonnaise, containing the ingredients consumers expect to be found in mayonnaise, when, in fact, it is not.

19. The name *Just Mayo* also communicates a false message to consumers. Consumer perception survey evidence establishes that a substantial number of consumers are likely to believe that defendant's *Just Mayo* product is real mayonnaise, rather than the true facts, which are that *Just Mayo* is a sandwich spread that may resemble mayonnaise, but it is not real mayonnaise.

20. Compounding the problem, Hampton Creek has explicitly and falsely referred to *Just Mayo* as "mayo" and "mayonnaise in advertisements:

- As shown below, on its website, Hampton Creek has stated: "Just Mayo is an outrageously delicious ***mayonnaise*** . . ." (emphasis added)



- As shown below, on its website, Hampton Creek has stated that *Just Mayo* is "[c]reamy rich **mayo** for any sandwich, anytime." (emphasis added)



- On its Facebook page, Hampton Creek has stated that it is the "#1 selling **mayo** at Whole Foods Market!"  (emphasis added)



21.     Hampton Creek's false labeling, and its false claims that *Just Mayo* is "mayonnaise" or "mayo" are part of a larger scheme of false advertising and unfair competition aimed at Unilever's market leading mayonnaise brands, and includes false and unsubstantiated claims that *Just Mayo* tastes better than the Best Foods and Hellmann's brands of mayonnaise, and is therefore superior:

- In the sponsored Facebook post shown below, Hampton Creek stated: "Beating Hellmann's in taste tests."



- In the Facebook post shown below, Hampton Creek depicts a cartoon image of *Just Mayo* standing over a spilled jar of Best Foods brand mayonnaise in a boxing ring and being proclaimed the "winner." The caption read: "The champ has arrived! Celebrate the knockout win with a delicious sample at your local Colorado Costco."



22.     Hampton Creek's superiority claims are false because they are not supported by reliable testing that reflects actual consumer preferences.

23.     Hampton Creek's deception goes beyond falsely claiming taste superiority.  Real mayonnaise is used by home and professional chefs alike as an essential ingredient in many recipes, including as an ingredient that both adds flavor to and binds together the ingredients in heated sauces.  Because *Just Mayo* lacks the ingredients of a real mayonnaise, it separates into constituent parts when it is heated and does not bind the ingredients of the sauce together.  Consumers expect a product called "mayo" to taste and perform like "mayonnaise."  *Just Mayo* does neither.  By calling itself "mayo" and failing to perform like mayonnaise, *Just Mayo* deceives consumers and damages the entire product category, which has strived for decades for a consistent definition of "mayonnaise" that fits with consumer expectations.

24.     On information and belief, Hampton Creek is seizing market share from Unilever's Best Foods and Hellmann's brands of mayonnaise products.  As Hampton Creek's distribution and advertising increases, the irreparable harm to Unilever will continue and worsen.  The harm is impossible to quantify because of the difficulty of measuring lost good will and sales.

1000401873v1

## UNILEVER'S EFFORTS TO RESOLVE THE DISPUTE

25. Unilever has given Hampton Creek ample notice of its complaints regarding the *Just Mayo* name, packaging and advertising.

26. In March 2014, shortly after it first learned about *Just Mayo*, Unilever contacted Hampton Creek to demand that Hampton Creek correct its false and misleading labeling and advertising for *Just Mayo*. The primary concern that Unilever expressed was Hampton Creek's deceptive use of the name *Just Mayo*.

27. Since then, the parties have exchanged a number of letters – the most recent of which was dated October 31, 2014 – and Unilever has continued to explain its concerns regarding the name *Just Mayo*. Despite Unilever's efforts to convince Hampton Creek to correct its false and misleading labeling and advertising, Hampton Creek refused to do so.

### FIRST CLAIM FOR RELIEF:
### FALSE ADVERTISING UNDER SECTION 43(A) OF THE LANHAM ACT

28. Unilever repeats and realleges the foregoing paragraphs as if fully set forth herein.

29. The false, misleading and deceptive statements set forth above are material and will tend to deceive consumers.

30. Hampton Creek's use of the name *Just Mayo* is false, deceptive and misleading, and has a tendency to deceive or confuse, and actually have deceived or confused, consumers into believing that *Just Mayo* is real mayonnaise.

1000401873v1

31. Hampton Creek's superior taste claims are false, deceptive and misleading and have a tendency to deceive to confuse, and have actually deceived or confused consumers.

32.   The above-described deception and confusion is material in that it is likely to affect consumers' purchasing decisions.

33. Hampton Creek's materially false and misleading *Just Mayo* name, packaging, and advertising constitutes false advertising in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

34. Hampton Creek's materially false and misleading *Just Mayo* name, packaging, and advertising has caused and unless restrained will continue to cause great and irreparable injury to Unilever and to the business and goodwill represented by Unilever's Best Foods and Hellmann's brands of mayonnaise, in an amount that cannot presently be ascertained, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

35. By reason of the foregoing, Unilever is entitled to preliminary and permanent injunctive relief against Hampton Creek, restraining further acts of false advertising and unfair competition, and to recover damages caused by reason of Hampton Creek's aforesaid acts in an amount to be determined at trial.

1000401873v1

## SECOND CLAIM FOR RELIEF:
## NEW JERSEY CONSUMER FRAUD ACT AND ANALOGOUS
## STATE UNFAIR AND DECEPTIVE ACTS AND PRACTICES

36. Unilever repeats and realleges the foregoing paragraphs as if fully set forth herein.

37. Hampton Creek's materially false and misleading *Just Mayo* name, packaging, and advertising constitutes an unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or knowing concealment, suppression, or omission of material fact in connection with the sale or advertisement of *Just Mayo*, in violation of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. 56:8-1 *et seq.*

38. Hampton Creek's materially false and misleading *Just Mayo* name, packaging, and advertising has caused and unless restrained will continue to cause great and irreparable injury to Unilever and to the business and goodwill represented by Unilever's Best Foods brand and Hellmann's brand mayonnaise, in an amount that cannot presently be ascertained, in violation of the NJCFA, and the analogous unfair and deceptive acts and practices acts of other states in which Hampton Creek is selling *Just Mayo*. *See, e.g.*, N.Y. Gen. Bus. Law §§ 349-350.

1000401873v1

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that this Court

1.      Preliminarily and permanently enjoin Hampton Creek and all those in active concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) from using *Just Mayo* as the name of, and on the labeling for, the sandwich spread it currently sells under the name *Just Mayo*, or for any other sandwich spread that does not contain egg-yolk containing ingredients, and from otherwise claiming, either explicitly or implicitly, in any packaging, advertising, or other promotional materials, that the sandwich spread currently sold as *Just Mayo* is mayonnaise.

2.      Order that Hampton Creek and all those in active concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) be preliminarily and then permanently enjoined from distributing, publishing, broadcasting or otherwise disseminating, in any manner or in any medium, any claims stating, suggesting or implying, directly or indirectly that:

a) the product Hampton Creek currently sells under the name *Just Mayo* is mayonnaise; and

b) the product Hampton Creek currently sells under the name *Just Mayo* is superior in taste to the Best Foods or Hellmann's brands of mayonnaise.

3.     Order that Hampton Creek withdraw and recall from it sales representatives and all channels of distribution any letters, flyers, advertising, promotional material, office display materials, commercials, labels, or any other matter distributed by it or on its behalf bearing any description or representations constituting false advertising concerning the product that Hampton Creek currently sells under the name *Just Mayo*.

4.     Order that Hampton Creek account to Unilever for its profits and any damages sustained by Unilever from the foregoing acts of false advertising and unfair competition.

5.     That in accordance with such accounting, Unilever be awarded judgment for such profits and for three times Unilever's actual damages arising from Hampton Creek's unlawful conduct pursuant to 15 U.S.C. § 1117 and N.J.S.A. 56:8-19.

6.     That Unilever have and recover its costs including its reasonable attorney's fees and disbursements in this action pursuant to 15 U.S.C. § 1117 and N.J.S.A. 56:8-19.

7.     Order that Hampton Creek and those acting in concert or participation with it (including, but not limited to, its officers, directors, agents, servants, wholesalers, distributors, retailers, employees, representatives, attorneys, subsidiaries, related companies, successors, assigns and contracting parties) take affirmative steps to dispel

such false impressions that heretofore have been created by the false labeling and advertising described above, including, but not limited to, corrective advertising.

8.   Order that Unilever have and recover its costs, including reasonable attorney's fees and disbursements in this action, pursuant to 15 U.S.C. § 1117.

9.   Order that Unilever have such other and further relief as the Court may deem just and proper.

Dated:  Newark, New Jersey
        October 31, 2014

                          DEBEVOISE & PLIMPTON LLP


                          By: /s/ Michael Potenza
                              Bruce P. Keller (bpkeller@debevoise.com)
                              David H. Bernstein (dhbernstein@debevoise.com)*
                              Michael Potenza (mpotenza@debevoise.com)
                              Jared I. Kagan (jikagan@debevoise.com)*
                          919 Third Avenue
                          New York, New York 10022
                          (212) 909-6000

                          *Attorneys for Plaintiff Conopco, Inc. dba Unilever*
                          *pro hac vice motion to be filed

17