# BOIES, SCHILLER & FLEXNER LLP

575 LEXINGTON AVENUE • NEW YORK, NY 10022 • PH. 212-446-2300 • FAX 212-446-2350

November 14, 2014

**VIA ECF & E-MAIL**
The Hon. William H. Walls, U.S.D.J.
Martin Luther King Building & U.S. Courthouse
50 Walnut Street Room 4015
Newark, New Jersey 07101
e-mail: Walls_Chambers@njd.uscourts.gov

> Re: *Conopco, Inc., v. Hampton Creek, Inc.*, No. 14 Civ. 6856 (WHW) (CLW) /
> Application for Extension of Time to Respond to
> Plaintiff's Motion for Preliminary Injunction

Dear Judge Walls:

This Firm represents Defendant, Hampton Creek, Inc., in the above-referenced action. By Text Order entered on November 10, 2014, the Court ordered that Hampton Creek respond to Plaintiff's Motion for Preliminary Injunction by November 17, 2014. *See* D.E. No. 10. As discussed below, this seven-day timeframe does not afford Hampton Creek an adequate opportunity to obtain the evidence necessary to properly oppose Plaintiff's Motion. Counsel for Plaintiff has offered to agree to a short extension; however, Defendants require more time than counsel for Plaintiff has been willing to give. Thus, Hampton Creek respectfully requests that the Court extend its time to respond to Plaintiff's Motion for Preliminary Injunction through and including January 12, 2015.

As background, Plaintiff generally alleges that Hampton Creek's sandwich spread labeling and claims of product superiority violate federal and state law. Plaintiff filed its complaint against Hampton Creek on October 31, 2014 after being aware of Hampton Creek's business practices for at least *seven months*. Plaintiff's counsel chose not to try to serve the complaint for an additional *five days*. *See* D.E. No. 9.

Between at least March 2014 and November 2014, Plaintiff engaged at least one expert, Professor Michael Mazis, to "design[ ] and conduct[ ] a survey" to determine consumers' perceptions of Hampton Creek's sandwich spread. *See* Mazis Decl. ¶¶ 4, 3 (D.E. No. 10-1). The record does not indicate how long it took for Professor Mazis to "design" his survey. But Professor Mazis states that it took him *seven days*—from August 13, 2014 through August 20, 2014—just to collect the relevant data. *See id.* ¶ 9. And it was not until months later—on November 7, 2014—that Professor Mazis finally signed his declaration stating that "consumers are confused" by Hampton Creek's product. *See id.* ¶¶ 31, 28.

Plaintiff filed its Motion for Preliminary Injunction the same day—on Friday, November 7, 2014. *See* D.E. No. 10. This Firm was engaged to defend Hampton Creek soon thereafter, and we have been diligently getting up to speed on the matter.

The Hon. William H. Walls, U.S.D.J.
November 14, 2014
Page 2

      To demonstrate why Plaintiff is not entitled to any injunctive relief, Hampton Creek should be allowed to engage its own expert(s), who will conduct consumer surveys and examine the methodology used by Professor Mazis. In addition, Hampton Creek should be allowed expedited discovery to prove, among other things, that Plaintiff is in no way irreparably harmed by Hampton Creek's alleged business practices. (Hampton Creek will submit a separate motion, if necessary, for expedited discovery.)

      Given the circumstances, Hampton Creek cannot obtain or marshal the evidence necessary to oppose Plaintiff's Motion in the seven day timeframe currently permitted under the Court's Order. Plaintiff took many months to obtain and marshal the evidence it considered necessary to support its Motion; its expert took seven days just to gather data, and Plaintiff's counsel decided to wait five days after filing the complaint to serve Hampton Creek. By contrast, the Court's current scheduling Order on the preliminary injunction motion affords Hampton Creek only seven days to set forth its response.

      The injunction requested by Plaintiff will severely disrupt Hampton Creek's business for months, if not years, before a trial on the merits can be held. Hampton Creek respectfully requests a meaningful opportunity, consistent with due process, to defend itself from this threat.

      In light of the many months Plaintiff spent coordinating its Motion for Preliminary Injunction, Hampton Creek submits that an extension of time to respond through and including January 12, 2015 is reasonable and appropriate, and will not prejudice Plaintiff in any way.

      Plaintiff does not consent to Hampton Creek's request.

Very truly yours,

Joshua I. Schiller

cc:   Bruce P. Keller (bpkeller@debevoise.com)
      David H. Bernstein (dhbernstein@debevoise.com)
      Michael Potenza (mpotenza@debevoise.com)
      Jared I. Kagan (jikagan@debevoise.com)